# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TIMOTHY O. FANN and EVELYN FANN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CV407-126 |
| CHATHAM COUNTY DETENTION CENTER, McARTHUR HOLMES, and PRISON HEALTH SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On August 27, 2007, plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants exhibited deliberate indifference to plaintiff Timothy Fann's serious medical needs. (Doc. 1.) Defendant McArthur Holmes has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that there are no genuine issues of material fact requiring trial. (Doc. 13.) Included with his motion is a statement of uncontested material facts and a supporting brief. (Id.)

Plaintiffs have not responded to the motion, and it is therefore deemed unopposed. L.R. 7.5. In addition, all material facts set forth in Holmes' statement of material facts will be deemed admitted for purposes of this summary judgment motion, since plaintiffs did not controvert them by filing their own responsive statement. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."); see Cockrell v. Sparks, 510 F.3d 1307, 1310 n.2 (11th Cir. 2007). For the reasons that follow, Holmes' motion should be **GRANTED**, and he should be **DISMISSED** from this lawsuit.

I.  BACKGROUND

Plaintiffs allege that while Timothy Fann was incarcerated at the Chatham County Detention Center, Prison Health Services, Inc., McArthur Holmes (the jail administrator), and the Chatham County Detention Center[1] were deliberately indifferent to his serious medical needs by

---

[1] The Chatham County Detention Center has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL

2

failing to provide him with appropriate medical care while he recovered from neck and back surgery. (Doc. 1 at 5.) Specifically, he alleges that he was prevented from keeping a follow-up appointment with an outside specialist, the pain medication provided by the detention center's medical staff was inadequate, and he was refused a necessary reconstructive surgery for his hip. (Doc. 13-12 at 2.)

Timothy Fann was involved in a car accident sometime in late 2006, which necessitated a major surgery on his cervical spine. (Doc. 12-12 at 2.) On January 10, 2007, he was incarcerated in the Chatham County Detention Center. (Id.) Upon his incarceration, he was placed in the infirmary so that his surgical site, pain levels, cervical collar, vitals, and mobility could be monitored regularly. (Id. at 3.) Fann was prescribed Motrin 600 mg and Tylenol 3 to be given as needed for pain. (Id.) The pain medication provided relief, as Fann often denied suffering any pain whatsoever. (Id.) On February 1, 2007, the medical personnel sent Fann to see Dr. Howington, a specialist at the Neurological Institute of

---

534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983). Consequently, it should be **DISMISSED**.

Savannah, to assess his recovery from the spinal surgery. (Id. at 4.) Dr. Howington did not note any complaints of pain. (Id.) On February 6, 2007, Fann requested a different pain medication, and the medical personnel apparently switched him to another type of Tylenol. (Id. at 3.)

Prior to Fann's discharge from the infirmary, the detention center's medical personnel assessed his ability to perform the activities of daily living and determined that he was "independent." (Id.) Fann walked with a cane without apparent difficulty, so he was released from the infirmary on February 8, 2007. (Id. at 4.) After being released to his unit, he began to complain of pain. (Id.) At that time, he was prescribed Motrin 800 mg as needed. (Id.) On February 11, 2007, Fann complained that the medical staff would not provide him with Lortab, which had been prescribed by his outside physician for pain. (Id.) His request for Lortab was denied. (Id.)

In a series of grievances, Fann stated that he was in pain and having difficulty walking. (Doc. 13 Ex. 6.) He also asserted that he was scheduled for a hip replacement surgery in January, which the detention center improperly prevented him from undergoing. (Id.) On March 27, 2007, Fann was seen by the medical department regarding his complaints of

increased hip pain. (Doc. 13-12 at 5.) His prescription for Motrin was continued, but he still complained that he was not being provided with adequate pain medication. (Id.) On April 26, 2007, Fann once again saw Dr. Howington. (Id.) Fann denied suffering from any neck pain, and Dr. Howington decided that he only needed to see Fann on an as-needed basis. (Id.)

On June 11, 2007, Fann complained to the Detention Center's medical department of pain in his shoulder and back. (Id.) An x-ray was taken, but it showed no evidence of a fracture. (Id.) The treating physician prescribed Flexeril, Ibuprofen, and an analgesic balm. (Id. at 6.) On August 8, 2007, Fann was spotted in the detention center carrying his neck brace. (Id.) At one point, he dropped his cane and had little difficulty bending over to retrieve it. (Id.) The next day, he was seen at the recreation ground without his cane. (Id.) He was able to do pullups and other exercises without any apparent difficulty. (Id.)

Dr. Susan Nowak, one of Fann's treating physicians at the detention center, diagnosed him as suffering from degenerative osteoarthritis in his hip, but she stated that he can still ambulate effectively with his cane. (Id.;

Nowak Aff. 2 at ¶ 5.) Dr. Nowak sent Fann to Dr. Holtzclaw to determine whether he required reconstructive surgery for his condition. (Doc. 13-12 at 6.) Dr. Holtzclaw believed that any hip surgery should be delayed for as long as possible due to Fann's young age (Fann is twenty-eight years old). (Id.) Dr. Nowak concurred with Holtzclaw's opinion, stating that because Fann's condition is not deteriorating and his pain appears to be controlled by medication, he should not receive reconstructive surgery at this time. (Id. at 7; Nowak Aff. 2-3 at ¶ 6.)

Defendant Holmes avers that he never received any correspondence or written complaints from Fann regarding his medical needs, nor does he recall Fann ever directly speaking with him regarding his treatment. (Doc. 12-12 at 6; Holmes Aff. 2 at ¶ 6.)

## II. LEGAL ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact-finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

B. **Deliberate Indifference**

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[2] Id. at 106. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235,

---

[2] Plaintiff appears to have been a pretrial detainee during the events in question. The Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment, governs pretrial detainees, but "the standards under the Fourteenth Amendment are identical to those under the Eighth." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985).

7

1243 (11th Cir. 2003); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). "First, a plaintiff must set forth evidence of an objectively serious medical need." Farrow, 320 F.3d at 1243; Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. "Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow, 320 F.3d at 1243; Farmer v. Brennan, 511 U.S. 825, 834 (1994); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

In order to establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243 (citations omitted). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citation omitted).

"[A]n official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at 1255

(quoting Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997)); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). With these considerations in mind, the Court will now turn to plaintiff's asserted grounds for relief.

C. **Merits of Holmes' Motion**

Plaintiffs have failed to produce any evidence establishing that Holmes was deliberately indifferent to Fann's medical needs. The Court informed plaintiffs that if they did not file a timely response to Holmes' motion for summary judgment, they faced the possibility that the Court would deem Holmes' statement of material facts to be admitted. (Doc. 5 at 6.) In the statement of material facts, which the Court must treat as admitted, Holmes denied having had any knowledge whatsoever of Fann's medical needs. (Doc. 13-12 at 8; Holmes Aff.)

With an absolute lack of any record evidence to the contrary, plaintiffs cannot show that Holmes either directly participated in any decision to deny medical treatment or was responsible for some custom or policy that contributed to the alleged deprivation of necessary medical care. See Polk

County v. Dodson, 454 U.S. 312, 325 (1981) (foreclosing respondeat superior as a basis for § 1983 liability); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (noting that municipalities can only be held liable under § 1983 if they have a policy that caused a constitutional tort). In the absence of any evidence to the contrary, the Court must conclude that plaintiffs have failed to meet their burden of putting forth material facts from which a rational fact-finder could find that Holmes acted with deliberate indifference to Fann's serious medical needs. As Timothy Fann's claim fails as to Holmes, Evelyn Fann's derivative loss of consortium claim must also fail. See Durley v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000).

## III. CONCLUSION

Plaintiffs have failed to present evidence raising any genuine issues of material fact requiring a trial, so Holmes has demonstrated that he is entitled to judgment as a matter of law. Consequently, Holmes' motion for summary judgment pursuant to Rule 56(c) should be **GRANTED**, and he should be **DISMISSED** from this action. Prison Health Services, Inc., is

the sole remaining defendant in this case, as the county jail has no independent legal existence and, therefore, is not subject to suit.

**SO REPORTED AND RECOMMENDED** this 28th day of May, 2008.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA